USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAPHAEL RODRIGUEZ,  :
                       Petitioner,  :   07 Cr. 749 (SHS)
      -against-  :   10 Civ. 9172 (SHS)
  :   MEMORANDUM OPINION
UNITED STATES OF AMERICA,  :
                      Respondent.  :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Raphael Rodriguez brings this *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. That motion is denied.

I.    BACKGROUND

Following a three-day trial in December 2007, a jury convicted Rodriguez of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum fifteen-year prison sentence for anyone convicted of violating section 922(g) who has at least three prior convictions for violent felonies. 18 U.S.C. § 924(e)(1). Rodriguez had previously been convicted of attempted murder, grand larceny from a person, and attempted assault.

Rodriguez did not dispute at sentencing that the felonies of attempted murder and attempted assault qualified as violent felonies under ACCA. Prior to sentencing, this Court ruled that Rodriguez's conviction for grand larceny from a person in violation of New York Penal Law § 155.30(5) also counted as a violent felony for purposes of ACCA. *United States v. Rodriguez*, 571 F. Supp. 2d 580 (S.D.N.Y. 2008). Thus, this Court determined that Rodriguez's three violent felony convictions mandated his classification as an armed career criminal. On September 25, 2008, Rodriguez was sentenced principally to 235 months' imprisonment—the

1

bottom of his resulting United States Sentencing Guidelines. Rodriguez appealed from his conviction and sentence, which the United States Court of Appeals for the Second Circuit affirmed by summary order. *United States v. Rodriguez*, 352 Fed. Appx. 465, 466 (2d Cir. Nov. 5, 2009) (citing *United States v. Thower*, 584 F.3d 70 (2d Cir. 2009) for the holding that larceny from a person is a violent felony under the residual clause of ACCA).

Rodriguez now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that he did not qualify as an armed career criminal and that his trial and appellate counsel were ineffective. This Court construes his memorandum of law dated April 26, 2011, which he filed as a separate motion (No. 10 Civ. 9172, Dkt. # 3), as part of his section 2255 motion.

## II. DISCUSSION

### A. ACCA's Applicability

Rodriguez's makes three arguments as to why ACCA does not apply to him. All three fail.

First, Rodriguez contends that because his sentences for grand larceny and attempted assault were imposed to run concurrently, those two convictions should count as only one conviction for ACCA purposes. He is incorrect. ACCA expressly provides that a mandatory minimum sentence is triggered by "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Rodriguez pled guilty to two entirely different felonies—grand larceny and attempted assault—committed on two different occasions against two different victims. (*See* Plea Tr. dated Sept. 11, 2006 at 11-12.) Thus, each conviction qualifies as a separate predicate ACCA offense.

That Rodriguez received concurrent sentences for the two convictions is irrelevant. *See Brown v. United States*, 636 F.3d 674, 675-76 (2d Cir. 2011).

Second, Rodriguez argues that he never stipulated to facts that would indicate that he used violence during the grand larceny and that this Court therefore cannot count his grand larceny conviction as a violent felony for ACCA purposes. To the extent that the Second Circuit already ruled that Rodriguez's grand larceny conviction was a violent felony for purposes of ACCA, the Court is precluded from considering that issue in a section 2255 motion. *See Cabrera v. United States*, 972 F.2d 23 (2d Cir. 1992) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). In any event, to determine whether a crime is a violent felony under ACCA, courts look at how the law defines the offense categorically and not how an individual offender committed the offense on a particular occasion. *Sykes v. United States*, 2011 WL 2224437, at *5, -- U.S. -- (June 6, 2011) (citing James, 550 U.S. 192, 202 (2007) and *Taylor v. United States*, 495 U.S. 575, 599-602 (1990)); *Thower*, 584 F.3d at 73 ("An offense qualifies as a violent felony if the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." (citing *James*, 550 U.S. at 208)); *Rodriguez*, 571 F. Supp. 2d at 582-83. Thus, even if Rodriguez did not actually use any violence when committing grand larceny, his conviction would still constitute a violent felony as defined by ACCA. The Court classified Rodriguez as an armed career criminal based on his prior convictions and the elements of those offenses, not based on factual findings—in his Presentence Report or elsewhere—concerning his specific conduct.

Third, Rodriguez contends that because a state court judge specifically told him at the time he pled guilty to state charges of grand larceny and attempted assault that these crimes were

3

nonviolent felonies, this Court cannot consider those convictions as violent felonies. Indeed, the state judge did, in the context of that proceeding, describe Rodriguez's state crimes as nonviolent felonies. (*See* Plea Tr. dated Sept. 11, 2006.) Nevertheless, whether an offense is a violent felony under state law is a separate question from whether an offense is a violent felony as defined by ACCA. *See* 18 U.S.C. § 924(e)(2)(B). The state judge made no reference whatsoever to ACCA. And even if the state judge had opined on whether Rodriguez's convictions met ACCA's definition of violent felonies, federal courts are not bound by state court interpretations of federal law. *Cf. Johnson v. United States*, 130 S.Ct. 1265, 1269 (2010) (United States Supreme Court not bound by state supreme court's interpretation of the federal question of what constitutes a violent felony under ACCA).

Accordingly, Rodriguez's claim that he was improperly sentenced as an armed career criminal fails.

B. Ineffective Assistance of Counsel

Rodriguez further claims that his counsel rendered ineffective assistance at sentencing and on appeal by failing to challenge the imposition of the ACCA enhancement. To establish a claim of ineffective assistance of counsel, a defendant must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009).

Rodriguez cannot demonstrate any prejudice. At sentencing, this Court specifically considered and rejected Rodriguez's position that his grand larceny conviction did not qualify as a violent felony. *See Rodriguez*, 571 F. Supp. 2d at 580. On direct appeal, the Second Circuit also considered and rejected the same argument. *See Rodriguez*, 352 Fed. Appx. at 466. To the

extent that Rodriguez suggests his counsel should have made the other arguments raised in this section 2255 motion, Rodriguez cannot show any prejudice to his case because those arguments have no merit. Accordingly, his ineffective assistance of counsel claim falls short under *Strickland*.

### III. CONCLUSION

For the reasons set forth above, Rodriguez's motion is denied. As Rodriguez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B). Pursuant to 28 U.S.C, § 1915(a)(3), the Court certifies that any appeal from this Memorandum Opinion would not be taken in good faith.

Dated: New York, New York
       June 21, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.